UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| KENNETH SCHWARTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.: 1:19-CV-099-RLJ-CHS |
| v. ) | |
| ) | |
| WELLPATH HEALTH SERVICES, ) | |
| CORE CIVIC AMERICA, INC., A.W. ) | |
| CARTER, MS. MOON, VAN HOOSER, ) | |
| MS. MOODY, ELLIS, WARDEN ) | |
| SEXTON, and VICE PRESIDENT ) | |
| MEDLIN, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This is a pro se prisoner's complaint filed pursuant to 42 U.S.C. § 1983. Now before the Court is Plaintiff's motion to add Defendant [Doc. 10]. Also, in reviewing the docket, the Court notes that Plaintiff has failed to timely comply with its order requiring Plaintiff to file an amended complaint [Doc. 8]. Accordingly, for the reasons set forth below, Plaintiff's motion to add Defendant [Doc. 10] will be **DENIED** and this action will be **DISMISSED with prejudice** due to Plaintiff's failure to comply with the Court's order pursuant to Rule 41(b).

### I. MOTION TO ADD DEFENDANT

In this motion, Plaintiff seeks to add Reid Thomas as a Defendant based on allegations that on June 8, 2019, she "aggressively knocked [him] to the ground," causing him to hit a metal table with metal stools in a manner that resulted in injuries for which he was subsequently denied medical care despite making a report to Nurse Sparks [Doc. 10 p. 1–2]. Plaintiff also, however, states that ten days after this incident, he saw a doctor who diagnosed him and referred him to a

neurosurgeon for his injuries [*Id.* at 2]. Plaintiff states that he seeks more than one million dollars based on these allegations [*Id.*].

As the Court previously notified Plaintiff, however, under Rule 20(a)(2) of the Federal Rules of Civil Procedure, persons may only be joined in one action as defendants where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Thus, Rule 20 does not permit plaintiffs to join unrelated claims against different defendants in one lawsuit. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Nothing in Plaintiff's motion allows the Court to plausibly infer that Plaintiff's proposed claim against Reid Thomas arises out of the same transaction, occurrence, or series of transactions or occurrences as those in Plaintiff's complaint or that Plaintiff seeks relief against Reid Thomas and other Defendants in this matter jointly, severally, or in the alternative. To the contrary, it is apparent that Plaintiff's claim against Reid Thomas is unrelated to his other claims and that Plaintiff seeks more than one-million dollars from Reid Thomas alone [*Id.*]. Thus, Plaintiff's proposed claim against Reid Thomas would not be properly joined in this action under Rule 20(a)(2) and Plaintiff's motion to add Defendant [Doc. 10] will be **DENIED**.

## II.     FAILURE TO FILE AMENDED COMPLAINT

On June 19, 2019, the Court entered an order noting that Plaintiff's complaint did not comply with Rule 20(a)(2) and providing that Plaintiff had twenty days from the date of entry of the order to file an amended complaint [Doc. 8 p. 2–3, 5]. The Court also warned Plaintiff that if he failed to timely comply with that order, the Court would dismiss this action [*Id.* at 5]. More than thirty-five days have passed since entry of this order and while Plaintiff has filed another

supplement to his motion for leave to proceed *in forma pauperis* [Doc. 9] and his motion to add Defendant [Doc. 10], Plaintiff has not filed an amended complaint as required by the Court's previous order. Accordingly, for the reasons set forth below, this action will be **DISMISSED**.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005.

First, Plaintiff's failure to respond to or comply with the Court's order is due to Plaintiff's willfulness and/or fault. Specifically, it appears that Plaintiff received the Court's order, but chose not to comply therewith. As such, the first factor weighs in favor of dismissal.

As to the second factor, Plaintiff's failure to comply with the Court's order has not prejudiced Defendants.

As to the third factor, the Court warned Plaintiff that the Court would dismiss this case if he failed to comply therewith [Doc. 8 p. 5].

As to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff is proceeding *in forma pauperis* and failed to timely comply with an order that required

Plaintiff file an amended complaint or to seek an extension of time to do so,[1] and Plaintiff's complaint [Doc. 1] does not state a claim upon which relief may be granted under § 1983.[2]

---

[1] The Court notes that Plaintiff has also failed to comply with Court orders repeatedly in another case in this District. *See Schwartz v. Korn, et. al*, 1:19-CV-56 (E.D. Tenn. July 23, 2019).

[2] Specifically, while Plaintiff alleges that Defendant Carter made an unauthorized recommendation to terminate Plaintiff's cane permit for safety concerns [Doc. 1 p. 4], nothing in the complaint suggests that the permit was terminated as a result of this recommendation. Also, while Plaintiff alleges that this permit was previously revoked twice due to recommendations by unauthorized staff, he does not identify the staff who made these unauthorized recommendations or set forth facts to establish that a custom or policy of any Defendant caused these revocations. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding that a governmental entity may be liable only where its official policy causes a constitutional rights violation); *Frazier v. Michigan,* 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983).

Moreover, while Plaintiff alleges that he has been denied treatment by a licensed orthopedic surgeon, denied "required medication for pain management" due to a policy of Defendant Wellpath, and that his health is declining [*Id*. at 4–5], he does not set forth facts from which the Court can plausibly infer that these alleged denials are the result of deliberate indifference to Plaintiff's serious medical needs and "a patient's disagreement with his physicians over the proper course of treatment alleges, at most, a medical-malpractice claim, which is not cognizable under § 1983." *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017) (citing *Estelle*, 429 U.S. at 107).

Also, as to Plaintiff's claims that his current facility lacks a grievance coordinator to follow up with grievances [*Id.* at 4], a prisoner has "no inherent constitutional right to an effective prison grievance procedure." *Argue v. Hofmeyer,* 80 F.App'x 427, 430 (6th Cir. 2003). Further, nothing in the complaint allows the Court to plausibly infer that any named Defendant has interfered with or prevented Plaintiff from practicing his religion to the same extent as other prisoners [*Id.*]. *Frazier,* 41 F. App'x at 764.

Additionally, while Plaintiff states that all inmates may be in danger due to understaffing, that inmates are allowed outdoor recreation only one or two times per month "on average," and that Defendant Carter abuses his ability to place inmates on lockdown [*Id.* at 4–5], Plaintiff has not set forth facts from which the Court can plausibly infer that these conditions of confinement have violated or are very likely to violate Plaintiff's rights under the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25, 32–34 (1993) (holding that where a jail official ignores a condition of confinement that is sure or very likely to cause needless suffering, it may violate the Eighth Amendment); *Walker v. Mintzes*, 771 F.2d 920–27 (6th Cir. 1985) (providing that the Eighth Amendment entitles prisoners to exercise sufficient to maintain reasonably good physical and mental health).

**III.    CONCLUSION**

For the reasons set forth above, Plaintiff's motion to add Defendant [Doc. 10] will be **DENIED**, this action will be **DISMISSED with prejudice** pursuant to Rule 41(b), and the Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE ORDER WILL ENTER.**

**E N T E R :**

s/ Leon Jordan<br>United States District Judge